IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
September 27, 2005 Session

## STATE OF TENNESSEE v. JAMIE BROWN

**Appeal from the Criminal Court for Knox County
No. 77031   Richard Baumgartner, Judge**

—

**No. E2004-02717-CCA-R3-CD - Filed November 2, 2005**

—

The appellant, Jamie Brown, was convicted by a Knox County Jury of simple possession of marijuana. As a result, the trial court sentenced the appellant to eleven months and twenty-nine days, to be served on probation. On appeal, the appellant challenges the trial court's denial of a motion to suppress. Because the trial court properly denied the motion to suppress, the judgment of the trial court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court Affirmed**

JERRY L. SMITH, J., delivered the opinion of the court, in which NORMA MCGEE OGLE, and ALAN E. GLENN, JJ., joined.

Mike Whalen, Knoxville, Tennessee, for the appellant, Jamie Brown.

Paul G. Summers, Attorney General and Reporter; David E. Coenen, Assistant Attorney General; and Randall E. Nichols, District Attorney General; and Ta Kisha Fitzgerald, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

In April of 2003, the appellant was indicted for one count of possession of over one-half an ounce of marijuana with the intent to sell and one count of possession of over one-half an ounce of marijuana with the intent to deliver. The indictment was based on the seizure of marijuana found in the appellant's vehicle during a traffic stop on July 4, 2001. On August 9, 2004, defense counsel filed a motion to suppress the evidence resulting from the search of the appellant's vehicle. The trial court overruled the motion to suppress the evidence immediately preceding the appellant's trial.

The evidence presented at the hearing on the motion to suppress revealed that the appellant was pulled over by Officer Michael Harper of the Knoxville Police Department on July 4, 2001, for "rolling through a stop sign." Officer Harper asked for the appellant's driver's license and noticed

an odor of marijuana emanating from the vehicle. When Officer Harper questioned the appellant about his activities in the area and whether there were narcotics in the vehicle, Officer Harper explained that the appellant got "nervous." The appellant refused to allow Officer Harper to search the vehicle. As a result, Officer Harper asked the appellant to step out of the vehicle. Officer Harper patted the appellant down before placing him in the back of the patrol car. During the pat-down, Officer Harper removed a pack of rolling papers from the appellant's back pocket. Officer Harper placed the appellant in the back of the patrol car and called for a canine unit to come to the scene. Officer Harper testified that the canine unit came to the scene where "the dog indicated [the] presence of narcotics on the vehicle. We then searched the vehicle and discovered marijuana." The marijuana was discovered under the driver's seat of the appellant's vehicle in three small plastic bags, all placed inside a purple Crown Royal bag.

At the conclusion of Officer Harper's testimony, the trial court denied the motion to suppress based on the finding that Officer Harper had probable cause to believe that there were drugs in the appellant's car when he smelled the odor of marijuana. The trial court commented:

> This is my analysis of the situation. First of all, he ran the stop sign. He had a right to stop him because he ran the stop sign. It was a roll - rolled through it. Wasn't a blatant violation, but it was a violation of the law. So he has a basis to make the stop initially. He testified here today, he puts in the warrant, he testifies at preliminary hearing that when he . . . approached the car that he smelled marijuana. . . .
>
> [T]he State of Tennessee says . . . that the smell of marijuana creates probable cause to do a search, that that is [a] reasonable ground for suspicion supported by circumstances indicative of an illegal act  . . . .
>
> I have no reason to suspect, and I do not find that this officer was dishonest in his testimony at any point in this case, which would be the only basis for me to find that this was not a reasonable basis. I'm going to overrule your motion to suppress.

The appellant's trial followed the denial of the motion to suppress.

At trial, Officer Harper repeated his testimony. In addition, Officer Dan Paidousis, an officer with the Knoxville Police Department assigned to the canine unit, testified that he was called to assist Officer Harper at the traffic stop. Officer Paidousis explained, "[t]hey had a vehicle stop[ped] that they wanted me to check with the dog, and I did so and got a positive response from the dog to the odor of narcotics." The officer explained that the dog alerted to the odor of narcotics by giving a "passive response." For example, the dog was trained to sit down when he "pinpointed" the odor of the narcotics. Officer Paidousis went on to explain that the dog alerted on the appellant's car at the driver's side door. Officer Paidousis also explained that the dog "repeatedly" cleared his nose when he picked up on the smell of the narcotics on the appellant's car. At that point, the dog was rewarded and placed back into the patrol car. The video of the canine sweep was played for the trial

court and the jury. Officer Paidousis testified that he assisted in the search which netted a "purple Crown Royal bag underneath the driver['s] seat" that contained "three packets of marijuana."

Once the marijuana was located, the appellant was arrested and read his Miranda rights. Denise Morrissey of the Tennessee Bureau of Investigation testified that the marijuana taken from the appellant's vehicle weighed a total of 45.6 grams.

At the conclusion of the evidence, the jury found the appellant not guilty of possession with the intent to sell and not guilty of possession with intent to deliver, but guilty of the lesser-included offense of simple possession.

The trial court sentenced the appellant to eleven months and twenty-nine days, and ordered the appellant to serve his sentence on probation. The trial court also imposed a $2,500 fine.

The appellant filed a timely motion for new trial, arguing, inter alia, that the trial court erred in denying the motion to suppress. The trial court denied the motion for new trial and the appellant filed a timely notice of appeal. On appeal, the appellant argues that the trial court improperly denied the motion to suppress.

Analysis

The appellant claims on appeal that the trial court erred in denying his motion to suppress the evidence seized from his vehicle because the length of the detention was unreasonable and the reliability of the canine was not established. The State counters that the evidence supports the trial court's denial of the motion to suppress and the appellant waived the issue of the canine's reliability by failing to raise the issue in his motion to suppress or during trial.

Our standard of review for a trial court's findings of fact and conclusions of law on a motion to suppress evidence is set forth in State v. Odom, 928 S.W.2d 18 (Tenn. 1996). Under this standard, "a trial court's findings of fact in a suppression hearing will be upheld unless the evidence preponderates otherwise." Id. at 23. As is customary, "the prevailing party in the trial court is afforded the 'strongest legitimate view of the evidence and all reasonable and legitimate inferences that may be drawn from that evidence.'" State v. Carter, 16 S.W.3d 762, 765 (Tenn. 2000) (quoting State v. Keith, 978 S.W.2d 861, 864 (Tenn. 1998)). Nevertheless, this Court reviews de novo the trial court's application of the law to the facts, without according any presumption of correctness to those conclusions. See State v. Walton, 41 S.W.3d 775, 81 (Tenn. 2001); State v. Crutcher, 989 S.W.2d 295, 299 (Tenn. 1999). Once the trial court has ruled on a suppression motion, our standard of appellate review requires acceptance of the trial court's findings regarding "[q]uestions of credibility of the witnesses, the weight and value of the evidence, and resolution of conflicts in the evidence," unless the evidence preponderates against the findings. Odom, 928 S.W.2d at 23; State v. Cothran, 115 S.W.3d 513, 519 (Tenn. Crim. App. 2003).

We begin our review by observing that "under both the federal and state constitutions, a warrantless search or seizure is presumed unreasonable, and evidence discovered as a result thereof is subject to suppression unless the State demonstrates that the search or seizure was conducted pursuant to one of the narrowly defined exceptions to the warrant requirement." State v. Yeargan, 958 S .W.2d 626, 629 (Tenn. 1997). That is, a trial court necessarily indulges the presumption that a warrantless search or seizure is unreasonable and the burden is on the State to demonstrate that one of the exceptions to the warrant requirement applied at the time of the search or seizure. Id.

Both the federal and state constitutional prohibitions against unreasonable searches and seizures also apply to vehicles. State v. Troxell, 78 S.W.3d 866, 870-71 (Tenn. 2002); State v. Keith, 978 S.W.2d 861, 865 (Tenn. 1998). Thus, a law enforcement officer must have probable cause, or reasonable suspicion supported by specific and articulable facts, to believe that an offense has been or is about to be committed. Troxell, 78 S.W.3d at 871; State v. England, 19 S.W.3d 762, 765 (Tenn. 2000).

In the case herein, the appellant concedes that he was lawfully stopped by Officer Harper for disregarding a stop sign. Thus, the appellant concedes that Officer Harper had probable cause to stop the vehicle for a traffic violation. Nonetheless, the appellant contends that he was detained beyond the time necessary to issue a citation for running a stop sign. A reasonable traffic stop can become unreasonable and constitutionally invalid if the time, manner, or scope of the investigation exceeds the proper parameters. See Troxell, 78 S.W.3d at 871. However, this Court has previously concluded that the detection of a strong odor of marijuana around an individual gives a law enforcement officer probable cause for a warrantless search, which is a "'reasonable ground for suspicion, supported by circumstances indicative of an illegal act,'" together with the existence of exigent circumstances. State v. Reginald Allan Gillespie, No. 03C01-9706-CR-00222, 1999 WL 391560 at *3 (Tenn. Crim. App., at Knoxville, June 16, 1999), perm. app. denied (Tenn. 1999) (quoting State v. Henning, 975 S.W.2d 290, 294 (Tenn. 1998)). In Reginald Allan Gillespie, a police officer observed three men standing on a sidewalk. As he drove by, he detected the odor of marijuana and stopped his police car. The officer approached the men and saw smoke lingering about them. A panel of this Court concluded that the police officer had a reasonable ground of suspicion that the men were committing an illegal act, and there were exigent circumstances caused by the ability of the suspects to flee or dispose of the contraband even in the presence of the officer which justified the search of the defendants' persons. Reginald Allan Gillespie, 1999 WL 391560, at *3.

We see little, if any, difference between the facts in Reginald Allan Gillespie and the facts in the case herein. At the suppression hearing, the proof showed that while Officer Harper was informing the appellant of the purpose of the stop, he detected the odor of marijuana coming from the vehicle. The officer claimed that he knew the identity of the smell from his training and expertise as a law enforcement officer. The trial court determined that Officer Harper's testimony was credible. Again, "[q]uestions of credibility of the witnesses, the weight and value of the evidence, and resolution of conflicts in the evidence are matters entrusted to the trial judge as the trier of fact." Odom, 928 S.W.2d at 23. While the search was not immediately conducted, further

detention of the appellant and his vehicle were justified by the detection of the odor of marijuana by Officer Harper. The canine unit arrived on the scene approximately ten minutes later and the trained drug detection dog indicated that there was contraband present in the vehicle. Ten minutes is not an unjustified delay. At the point the canine unit arrived, the vehicle was searched and the marijuana was located under the driver's side seat. A positive alert by a trained drug detection dog provides probable cause to search the inside of a vehicle. England, 19 S.W.3d at 769. Thus, we conclude that there was probable cause to search the vehicle established by both the detection of the odor of marijuana by Officer Harper and the canine's detection of the contraband inside the vehicle. See State v. Luis Perez, No. W2004-00980-CCA-R3-CD, 2005 WL 1114463, at *3-5 (Tenn. Crim. App., at Jackson, May 11, 2005) (holding that a police officer's detection of raw marijuana and a drug detection dog's alert on the contraband provided sufficient probable cause to believe that the defendant was transporting contraband such to support a warrantless search of the defendant's car). Consequently, the trial court properly denied the motion to suppress.[1]

Conclusion

For the foregoing reasons, the judgment of the trial court is affirmed.

_____
JERRY L. SMITH, JUDGE

---

[1] The appellant also contends that the results of the search should have been suppressed because the reliability of the canine was not established. The appellant has waived this issue for failure to raise the issue in his motion to suppress or present any evidence challenging the reliability of the canine at the suppression hearing. According to Rule 12 (b)(3) of the Rules of Criminal Procedure, a motion to suppress the evidence must be raised prior to trial. While the appellant filed a motion to suppress the evidence, the appellant did not challenge the reliability of the canine in his motion or at the suppression hearing. This issue is waived. See Tenn. R. Crim. P. 12 (f); Tenn. R. App. P. 36(a).